```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF VIRGINIA
                           ALEXANDRIA DIVISION


UNITED STATES OF AMERICA,     )
                              )
v.                            )    CRIMINAL ACTION NO. 02-275
                              )
                              )    CIVIL ACTION NO. 04-655
BINH DUY PHAM,                )
                              )
          Petitioner.         )
```

## MEMORANDUM ORDER

THIS MATTER is before the Court on Petitioner Binh Duy Pham's Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2255. Mr. Pham ("Petitioner", "Defendant") is a federal inmate proceeding by and through counsel. The United States District Court for the Eastern District of Virginia sentenced Mr. Pham to seventy eight months in prison pursuant to Mr. Pham's conviction for conspiracy to distribute MDMA and distribution of MDMA. The issues before this Court are two-fold: (1) whether defense counsel's advice concerning the defendant's decision to testify and his failure to object to a presentence report ("PSR") that recommended a two point sentence enhancement for obstruction of justice amounted to ineffective assistance of counsel; and (2) whether the two point sentence enhancement was unconstitutional in light of the United States Supreme Court's decision in *United States v. Booker*. 125 S.Ct. 738, 750-56 (2005). The Court denies Defendant's motion with respect to its ineffective assistance of

counsel claim because counsel's representation of the defendant did not fall below an objective standard of professional care. The Court denies Defendant's motion with respect to it's *Booker* claim because the rule does not apply retroactively to cases on collateral review.

## I.  BACKGROUND

On April 24, 2002, the grand jury in Alexandria, Virginia returned a two-count indictment charging the defendant with (1) conspiracy to distribute MDMA and (2) distribution of MDMA in violation of 21 U.S.C. §§ 841, 846.  The defendant was represented at trial by James Clark.

At trial, the defendant took the stand and testified that he had never bought or sold drugs and that he was unaware that he and his co-defendant were making a trip to deliver drugs at the time he was arrested.  Defendant did however implicate his co-defendant by revealing that he believed that the co-defendant was a drug dealer.  The defendant also claimed that names and dollar amounts listed in an address book that law enforcement found on his person at the time of his arrest related to clothing orders to be placed in Vietnam by his brother and did not relate to drug sales as the Government alleged.

The defendant also called his brother and sister to testify and corroborate his story, but they had difficulty explaining the relationship between the names, phrases and dollar amounts listed

in the address book.  This testimony contradicted that of the co-defendant and a cooperating witness working with the Government, both of whom identified Pham as the supplier of MDMA.

On July 8, 2002, the jury returned a guilty verdict on both counts and sentenced the defendant to seventy eight months in a federal penitentiary.  This sentence included a two level enhancement at the recommendation of the PSR for obstruction of justice.  At the time of trial, defense counsel made no objection to the PSR or to the recommended sentence enhancement.

On August 24, 2004, James Clark, Petitioner's attorney at trial, submitted an affidavit stating that he had on several occasions discussed the nature of Mr. Pham's testimony regarding the entries in his address book.[1]  Affidavit of James C. Clark, Esq. (Aug. 24, 2004).  Clark stated that he had told Pham that he believed that a jury would not believe Pham's testimony given the testimony of his co-defendant and that of the police surveillance team that had been observing the defendant in the moments before his arrest.  He also stated that he had not forced the defendant to testify, but had merely told him that it would be difficult to convey the case theory to the jury that the entries in the address book related to goods orders for Vietnam without Pham

---

[1] In support of his affidavit, James Clark submitted a copy of a client letter that he sent to Mr. Pham dated June 14, 2002 in which he discusses the defendant's initial explanation for the notations in the address book and his desire to meet with the defendant and his brother to prepare for trial.

testifying.  Moreover, Clark remembered explicitly telling the defendant that not only would he likely be forfeiting his opportunity to get a three point reduction in base level for accepting responsibility by offering that testimony, but that he would also likely be assessed the two point increase for obstruction of justice.  With regards to Clark's failure to object to the PSR, Clark offers that he believed an objection would have been futile and that he did not want to draw any additional attention to the fact that the defendant had called his family members to testify to circumstances that he believed to be untrue.

## II. DISCUSSION

**A.   Standard of Review**

A prisoner in custody pursuant to a federal court sentence may move the court to vacate, set aside, or correct that sentence pursuant to 28 U.S.C. § 2255.  The Court may grant relief if: (1) the prisoner's sentence violates the Constitution or the laws of the United States; (2) the court that imposed the sentence did not have jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.

Where a defendant failed to raise a claim on direct appeal, he or she may raise the claim in a § 2255 motion only if the defendant can demonstrate either: (1) "cause" for the procedural

default and actual "prejudice" as a result of the alleged error; or (2) that the defendant is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167 (1982); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994). Without a showing of both cause and prejudice, collateral review is available only where the error involves a "fundamental defect which inherently results in a complete miscarriage of justice," such as a constitutional violation resulting in the conviction of an innocent person. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Noble v. Barnett*, 24 F.3d 582, 586 n.5 (4th Cir. 1994). The concern for preserving the finality of judgments by limiting collateral attacks is particularly strong with respect to convictions based on guilty pleas. *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

Where the defendant claims ineffective assistance of counsel, the cause and prejudice standard does not apply because the issue is raised properly for the first time in a § 2255 motion. *See United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). The Court reviews ineffective assistance of counsel claims under the highly deferential to counsel's performance standard set forth in *Strickland v. Washington*. 466 U.S. 668, 690 (1984). Accordingly, the Court will review Pham's claim of ineffective assistance of counsel under the *Strickland* standard.

5

**B.  Analysis**

i) Sixth Amendment Constitutionality - Ineffective Assistance of Counsel

The Court denies Defendant's claim of ineffective assistance of counsel because Defendant cannot establish that his attorney failed to meet a reasonable standard of care.  To find ineffective assistance of counsel, the Court must conclude that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance actually prejudiced the defendant and resulted in a fundamentally unfair outcome of the proceedings.  *Strickland*, 466 U.S. at 690, 694; *Spencer v. Murray*, 18 F.3d 229, 232-33 (4th Cir. 1994).  When a decision to address or not to address a certain issue at a stage of trial is a result of a conscious decision by counsel related to a strategic decision, the Court will defer to that decision. *Spencer*, 18 F.3d at 234 (citing *Strickland*, 466 U.S. at 689).

Defense counsel's failure to object to the two point enhancement did not affect the outcome of the proceeding.  The Court does not address whether defense counsel's performance was deficient because the decision by Pham's first attorney not to address the PSR recommendation at sentencing amounted to a strategic decision.  *Spencer*, 18 F.3d at 234.  Pham alleges that defense counsel was ignorant of the Sixth Amendment because counsel did not object to or present argument about the two point

6

enhancement of Defendant's sentence for a charge not in the indictment nor admitted by Defendant. However, as Mr. Clark states in his affidavit of August 24, 2004, his motives for not arguing the two point enhancement were not ignorance of the Sixth Amendment but a desire not to draw attention to additional obstruction factors that the court could have taken into account, like the testimony of the defendant's family that contradicted that of the co-defendant and that of members of law enforcement. Moreover, as the two point sentence enhancement was based on the defendant's contradictory testimony, it is unlikely that an objection by Mr. Clark at that time would have led to a different result.

   Mr. Pham also contends that his attorney at trial compelled him to testify without properly explaining to him the ramifications of giving contradictory testimony in light of the United States Sentencing Guidelines, amounting to a breach of the reasonable duty that attorneys owe their clients. However, Pham's defense attorney's advice to Pham amounts to a strategic decision. *Spencer*, 18 F.3d at 234. Mr. Pham contends that he was unaware of his right not to testify and the potential sentence increase he could receive if he did testify. However, in his affidavit, Mr. Clark states that he did not force Mr. Pham to testify, but told him that the only way for him to effectively convey the theory of the case to the jury would be to have Mr.

Pham testify. He also added that he not only informed Mr. Pham of the possibility that he might receive a two point sentence enhancement for testifying falsely and offering corroborating evidence from his family, but also that he might forfeit a potential three point sentence reduction for acceptance of responsibility.[2] As courts should view this question in a light most deferential to the attorney, this Court cannot find that Mr. Clark acted unreasonably. *Strickland*, 466 U.S. at 689.

Therefore, the Court finds that Defendant received effective assistance of counsel because at no point did his attorney fail to maintain an objective standard of professional care. *Strickland*, 466 U.S. at 690. The Court accordingly denies ground 1 of Defendant's § 2255 Motion because defense counsel's representation never fell below an objective standard of reasonableness.

ii) *Booker* Claim

The Court denies Defendant's claim that the imposition of sentence based on facts found only by the judge pursuant to the

---

[2] The client letter that Mr. Clark submitted in support of his affidavit enumerates his concern over the defendant's proposed testimony (which as of June 14, 2002 stipulated that the notebook entries reflected the purchase of cigarettes by his brother for resale). Mr. Clark discusses in the letter how inculpatory the notebook is and how he desires to speak with the defendant and his family to either move forward with going to trial or to address any possible options that they might have in cooperating with the United States Attorney for a guilty plea deal.

8

United States Sentencing Guidelines violated his Sixth Amendment rights. "[T]he Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone...." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (citing *United States v. Booker*, 125 S. Ct. 738, 756 (2005)). However, district courts in this circuit and in the Second and Third Circuits have interpreted the language from the *Booker* decision to make that rule inapplicable to collateral challenges. *Braxton v. United States*, 358 F.Supp.2d 497, 501 (W.D. Va. 2005); *see also Martinez v. United States*, No. 01 Civ. 11559, 2005 WL 927163, at *1(S.D.N.Y. Apr. 20, 2005) (enumerating the Second Circuit standard that *Booker* claims do not apply retroactively to convictions that were final as of January 12, 2005); *United States v. Enigwe*, No. CRIM.A.92-257, 2005 WL 928536, at *4-8(E.D. Pa. Apr. 18, 2005). As the Fourth Circuit denied the petitioner's appeal on October 29, 2003, thus making his conviction final, and he now brings his claim in a collateral fashion via *habeas* petition, and this Court concludes that *Booker* is not retroactive, thus Petitioner's *Booker* claim must fail.

Therefore, the Court finds that Petitioner's Sixth Amendment Claim pursuant to the *Booker* decision is without merit. The

9

Court accordingly denies ground 2 of Defendant's § 2255 motion.

### III. CONCLUSION

In conclusion, Petitioner's ineffective assistance of counsel claim fails because the performance of his trial attorney never fell below an objective standard of professional care. Moreover, Petitioner's Sixth Amendment argument is without merit because *Booker* does not apply retroactively to collateral attacks.

For the foregoing reasons, it is hereby

ORDERED that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 17th day of June, 2005.

/s/

Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
06/17/05